UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

WORKS COMPUTING, INC., a                        Case No. 18-CV-0566 (PJS/FLN)
Minnesota corporation,

                    Plaintiff,

v.                                                                      ORDER

RUSSELL D. PETERSON, an individual;
RIVERSIDE TECHNOLOGIES, INC., a
Nebraska corporation,

                    Defendants.

---

Melissa Muro LaMere, William Z. Pentelovitch, and Sarah A. Horstmann, MASLON LLP, for plaintiff.

Susan E. Tegt and James M. Susag, LARKIN HOFFMAN DALY & LINDGREN LTD., for defendants.

Plaintiff Works Computing, Inc. ("WCI") brings this action against defendants Russell Peterson (a former employee) and Riverside Technologies, Inc. ("Riverside") (Peterson's new employer).  WCI alleges that Peterson breached the employment agreement that he signed when he accepted employment with WCI and that Riverside tortiously interfered with that agreement.  WCI brought this action in state court and sought a temporary restraining order.  About an hour before the state judge was set to preside over a hearing on WCI's motion, defendants removed the action to this Court.

This matter is before the Court on (1) WCI's motion to remand and for an award of attorney's fees; (2) WCI's alternative motion for a temporary restraining order; and (3) defendants' motion to dismiss or transfer.  For the reasons that follow, the Court grants WCI's motion to remand, denies WCI's request for attorney's fees, and denies the remaining motions as moot.

To remove an action to federal court under 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  Peterson agreed, however, that disputes arising out of his employment by WCI would be decided in Minnesota state court and further waived his right to remove such disputes to federal court:

> Any dispute arising out of or related to Employee's employment by Works Computing, or arising out of or related to this Agreement, or any breach or alleged breach hereof, shall be exclusively decided by a state court District Judge sitting without a jury in the Fourth Judicial District, Hennepin County, Minnesota.[]  Employee irrevocably waives Employee's right, if any, to have any disputes between Employee and Works Computing arising out of or related to Employee's employment or this Agreement decided in any jurisdiction or venue other than the state court in the Fourth Judicial District, Hennepin County, Minnesota[], and Employee irrevocably waives the right to remove or transfer any action commenced in the state court in the Fourth Judicial District, Hennepin County, Minnesota, to any other court or venue.

Compl. Ex. A § 6.3 (bolding removed).

Peterson does not dispute that, if this provision is enforceable, removal was improper under § 1446(b)(2)(A) because he did not validly consent. *See iNet Directories, LLC v. Developershed, Inc.*, 394 F.3d 1081, 1082 (8th Cir. 2005) (per curiam) (contractual waiver of right to object to venue operated as a waiver of right to remove); *Valspar Corp. v. Sherman*, 211 F. Supp. 3d 1209, 1214-15 (D. Minn. 2016) (removal was improper because one defendant had contractually waived the right to remove). Peterson contends, however, that the forum-selection clause is unenforceable and, in any event, that WCI waived its right to seek removal by filing a motion for a temporary restraining order in this Court.

"Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." *M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 752 (8th Cir. 1999). Such clauses are enforceable "unless they would actually deprive the opposing party of his fair day in court." *Id.* Peterson does not allege that the clause was secured by fraud, nor does he contend that he is physically or financially unable to litigate in Minnesota state court. Instead, he argues that the clause is unreasonable because he is more likely to win on the merits if this case is tried Nebraska rather than in Minnesota. Specifically, Peterson argues that (1) if the forum-selection clause is declared invalid, Minnesota courts would not have personal jurisdiction over him; (2) if Minnesota courts did not have personal

jurisdiction over him, WCI would sue him in Nebraska; (3) if WCI sued him in

Nebraska, the Nebraska court would apply Nebraska choice-of-law rules; (4) if the

Nebraska court applied Nebraska choice-of-law rules, the Nebraska court would find

that Nebraska law governed his contract with WCI (even though the contract itself

provides that Minnesota law governs); and (5) if the Nebraska court found that

Nebraska law governed his contract, the Nebraska court would find invalid the

restrictive covenants that WCI seeks to enforce because they violate Nebraska public

policy.  By contrast, Peterson seems to believe that, if the forum-selection clause is

enforced, a Minnesota court will apply Minnesota law and find that the restrictive

covenants that WCI seeks to enforce are fully or partially valid.

Putting aside the fact that Peterson's argument rests on a number of debatable

assumptions, the question whether a forum-selection clause is "unreasonable" does not

focus on the merits of the underlying dispute.  In other words, in deciding whether a

forum-selection clause is valid, a court does not essentially try the merits of the case and

then reason backwards to a determination about the validity of the clause.  Instead, the

issue is whether "trial in the contractual forum will be so gravely difficult and

inconvenient that [the party resisting the contractual forum] will for all practical

purposes be deprived of his day in court."  *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S.

1, 18 (1972).  In the absence of such a showing, "there is no basis for concluding that it

would be unfair, unjust, or unreasonable to hold that party to his bargain." *Id.*  Peterson

has made no such showing, and therefore he cannot establish that enforcement of the

forum-selection clause is unreasonable.

True, "a forum selection clause may be set aside if 'enforcement would

contravene a strong public policy of the forum in which suit is brought, whether

declared by statute or by judicial decision.'" *Servewell Plumbing, LLC v. Fed. Ins. Co.*, 439

F.3d 786, 790 (8th Cir. 2006) (quoting *M/S Bremen*, 407 U.S. at 15).  But Peterson is not

arguing that the *forum-selection clause* violates a strong public policy of *Minnesota*, the

forum in which suit was brought.  Instead, he is arguing that the *restrictive covenants*

violate a strong public policy of *Nebraska*, the state in which he lives.  The Court

therefore rejects Peterson's argument that the forum-selection clause is unenforceable.

Defendants next argue that WCI waived its right to contest removal by seeking

affirmative relief—in the form of a motion for a temporary restraining order—from this

Court.  The Court disagrees.  Waiver is "an intentional relinquishment or abandonment

of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938).  WCI filed its

motion to remand one day after this case was removed and has been very clear that it

seeks a temporary restraining order only in the alternative (or pending the Court's

decision on the remand issue).  This conduct does not manifest an intent to abandon

any right to remand; to the contrary, WCI has clearly demonstrated its intent to assert

that right.  *Cf. Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528-29 (8th Cir. 1996)

(suggesting that party seeking remand could have asked to withdraw or stay his motion

seeking affirmative relief in favor of his later-filed motion for remand).  The Court

therefore rejects defendants' waiver argument.

Finally, defendants point out that, as a non-signatory to the employment

agreement, Riverside is not bound by the forum-selection clause.  That is true, but

irrelevant.  The Court is not enforcing the forum-selection clause against Riverside.

Instead, the Court is remanding this case because Peterson did not effectively consent to

removal and removal was therefore improper under § 1446(b)(2)(A).

WCI requests attorney's fees under 28 U.S.C. § 1447(c), which permits a court, in

an order remanding a case, to award fees and expenses incurred as a result of the

removal.  A court should award fees under § 1447(c) "only where the removing party

lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital

Corp.*, 546 U.S. 132, 141 (2005).  Although the question is close, the Court finds that

defendants did not lack an objectively reasonable basis to seek removal.  The Court

therefore declines to award fees and costs.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.      Plaintiff's motion to remand [ECF No. 7] is GRANTED IN PART and

DENIED IN PART.

      a.      The motion is GRANTED insofar as it seeks remand.  Pursuant to

      28 U.S.C. § 1447(c), this matter is REMANDED to the Minnesota

      District Court, Fourth Judicial District.

      b.      The motion is DENIED insofar as it seeks attorney's fees and costs.

2.      The parties' remaining motions [ECF Nos. 11, 17] are DENIED AS MOOT.

Dated:  March 9, 2018                          s/Patrick J. Schiltz
                                               Patrick J. Schiltz
                                               United States District Judge